No. 16,429.

TOWN OF SHERIDAN *v.* FOX METAL PRODUCTS
CORPORATION ET AL.

(227 P. [2d] 1003)

Decided December 4, 1950. Rehearing denied February 26, 1951.

Mr. CECIL R. DITSCH, Mr. EMORY L. O'CONNELL, for plaintiff in error.

Mr. RICHARD H. SIMON, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

UNDER sections 322 to 324, chapter 163, '35 C.S.A., which provide for the disconnecting of lands from within the corporate limits of any city or town, defendants in error, on October 27, 1949, filed their joint petition alleging that they were the owners of tracts of land aggregating in excess of twenty acres within the corporate limits of the Town of Sheridan; that the land constituted an area upon, or adjacent to, the border of said town; that no part thereof had been platted into lots or blocks as a part of, or an addition to, the Town of Sheridan; and that all taxes or assessments lawfully due thereon were fully paid.

Plaintiff in error town, respondent, answered, denying the ownership alleged in the petition; admitted that the tracts contained an area adjacent to the border of the town; that the land was unplatted, and denied all other allegations. By further affirmative plea, respondent town, alleged that the two properties of the petitioner were not contiguous to each other, and that each bordered upon, and is separated by a street known as South Clay street, which is a public thoroughfare of and within

the Town of Sheridan, and has been, for more than three years, improved and maintained by the town.

On October 20, 1949, other parties, as petitioners, seeking the same relief, filed their joint petition under sections 328 to 334, chapter 163, '35 C.S.A., which sections provide for the disconnecting of agricultural lands from the corporate limits of an incorporated city or town. By agreement, the two cases were consolidated for trial.

At the conclusion of the evidence and arguments of counsel, the court specifically found that the town had not improved or maintained the street in question; that the allegations of the petition were true, and entered its order and judgment disconnecting the lands involved in both petitions from the Town of Sheridan on December 12, 1949. Since the two cases involve, and are controlled by, different statutes, the town has filed separate records in each case, and the agricultural land case is abstracted and briefed in this court under No. 16428, which will require consideration apart from the case herein now to be determined.

Plaintiff in error has specified seven points upon which it seeks reversal, which are summarized as follows: That there is no allegations or evidence as to the acreage in either or both of the tracts; that the evidence demonstrated that the tracts are not contiguous as required by statute; it was error for the court in its order and judgment to include the property which plaintiffs Clark and Quelland had conveyed to the Rio Grande Land Company after the filing of the petition herein; and that the trial court erred in finding that the town had not maintained the public street adjoining the tracts sought to be disconnected for the reason that the uncontradicted evidence conclusively established that the town had maintained such a street for many years.

The sections of chapter 163, '35 C.S.A., covering this case, where it is sought to disconnect industrial or non-

agricultural lands from within the limits of a city or town are as follows:

§322. "Whenever a tract or contiguous tracts of land aggregating twenty (20) or more acres in area are embraced within the corporate limits of any city or town, and being upon or contiguous to the border thereof, the owner or owners of said tract or tracts of land may petition the county court of the county in which such land is situated to have same disconnected from said city or town."

§323. "Such petition shall show to the court that such tract or tracts of land contain in the aggregate an area of twenty or more acres, upon or adjacent to the border of said city or town; and that petitioners are the owners thereof, describing the land; that no part of such area has been duly platted into lots and blocks as a part of or addition to said city or town; that all taxes or assessments lawfully due upon said land up to the time of the presentation of said petition are fully paid."

§324. "Upon the filing of such petition in the county court, the judge thereof shall set a time for hearing, not less than forty (40) nor more than sixty (60) days thereafter; and it shall be the duty of the clerk of said court to cause a copy of such petition, and a notice of the date of the time set for such hearing, to be served upon the mayor of the city or town; and same shall be served at least thirty days prior to the hearing of such petition by the court. And upon the hearing and proof of the facts set forth in said petition, it shall be determined whether said tract or tracts of land should be disconnected from such city or town, and the court shall enter an order or decree according; provided, that whenever a city or town has maintained streets, lights and other public utilities for the period of three years through or adjoining to said tract or tracts of land the owners shall not be entitled to the provisions of sections 322 to 327 of this chapter."

We find that petitioners, carefully followed sec-

tion 323, supra, in the allegations of their petition, and it was not necessary to allege the lands to be contiguous; however, to maintain the petition as prepared and filed, it was necessary to comply with the provisions of section 322 in the proof that the lands were contiguous.

Counsel for petitioners contends that, as shown by the legal descriptions of the tracts of land, there has never been any dedication of South Clay street, and that the map admitted in evidence as exhibit A, clearly shows that this street was never laid out, but "wandered" across various parcels of land, and that the boundary lines touched in some places and not in others; that the descriptions of the boundaries of the tracts involved show that both properties here involved meet in the center of the road and that many of the descriptions refer to South Clay street as "the county road," and, therefore, the lands are contiguous. Counsel further contends that South Clay street, as a roadway, existed long before the town was incorporated.

■ The record does not disclose the corporate date of the town, and petitioners do not make any definite showing as to who maintained the street. There is no denial that this street or roadway is between, and adjoins, the two properties here involved, and the only question to be determined is, whether or not the town, in compliance with the provisions of section 324, supra, "has maintained streets, lights and other public utilities for the period of three years * * *." If the town has complied with this provision of the statute, petitioners are not entitled to the relief sought.

■ The respondent, Town of Sheridan, introduced uncontradicted evidence that the town had maintained South Clay street for a period of twelve years by occasionally running a blade over the street and repairing culverts torn out by the blading, and also removing snow; however, it had not kept a steady employee for such work until within the last year before the filing of the petition. It is undisputed that to the north of the

properties here involved, a bridge had been out for a good part of a year prior to the hearing, and that this bridge was constructed long before the incorporation of the town. It is to be noted that the statutes under which this action was brought were enacted in 1913. However, a later expression of the legislature is to be found as section 1, page 508, S.L. '25, which is section 328, chapter 163, '35 C.S.A., and is as follows: "Whenever a tract or two or more contiguous tracts of agricultural or farm land, aggregating twenty or more acres in area, are embraced within the corporate limits of any incorporated town, the outer boundary of which acreage is adjacent to or upon the border of said town, the owner or owners of said tract or tracts of land may petition the county court of the county in which such land is situated to have the same disconnected from said incorporated town; provided, intersecting highways or intervening railroads shall not render said tracts of land non-contiguous or non-adjacent." This latter section is a part of an act relating to the disconnection of agricultural lands from an incorporated town or city, and some argument is advanced that it has no application to the case in hand. Generally speaking, there may be merit to this contention, however, in principle, application may here be had. In other words, on the question of contiguity, the latest expression of our legislature is that "intersecting highways or intervening railroads shall not render said tracts of land non-contiguous or non-adjacent."

██ ██ Where, as in this case, the street was not established by the city or town or maintained primarily for municipal purposes, we see no distinction in principle, and, therefore, are inclined to the view that the lands of the petitioners here are contiguous. *Morrison v. Town of Lafayette*, 67 Colo. 220, 184 Pac. 301. The trial court committed no error in so finding; also, in the absence of any direct statement as to the amount of acreage involved, either in the petition or the evidence, the court was in the position, from the legal description of the

lands before it, to determine the acreage, and the presumption as to the legality of the finding and the judgment on that point must be followed.

■ At the time of the filing of the petition, petitioners Clark and Quelland alleged ownership of certain lands described therein, and ownership of this land was established by the evidence; however, Quelland testified that after the petition was filed and before trial, a certain part of the described land had been conveyed to the Rio Grand Land Company, deed issued and recorded. It was shown by the testimony of E. L. Beardsley, a witness for petitioners, that he was vice-president and general manager of the Rio Grande Land Company; that a portion of the land formerly owned by Clark and Quelland had been purchased by his company; he described the land his company had received under the deed; that at the time of the execution of the deed, the grantee company was familiar with the fact that Clark and Quelland had filed a petition for detachment of the land from the Town of Sheridan. He further testified that it was the wish of the Rio Grande Land Company that its name be substituted, if necessary, in this proceeding as it might relate to the property so purchased. For all purposes it is evident that on the trial, the Rio Grande Land Company was considered by the court as a party, and we so regard it.

Judgment affirmed.

Mr. Justice Stone, Mr. Justice Hays and Mr. Justice Alter dissent.